Armand Lavalle
vs.                  No. 84016.
Edward Theroux et al.

March 24, 1931.

CHURCHILL, J. Heard on motion of defendants for a new trial after verdict for plaintiff for $1048.

An automobile driven by the plaintiff and a truck belonging to the defendants and being operated in their business at the time were involved in a collision.

The accident happened between 5 and 6 o'clock in the evening of September 30, 1930, near the intersection of Park Avenue and Hamlet Avenue in the City of Woonsocket, and the plaintiff received certain personal injuries as a result of the collision.

The plaintiff's testimony was to the effect that he was driving a Studebaker automobile on Hamlet Avenue in a northerly direction toward the city at a rate of about 15 miles an hour; that as he approached the intersection of Park Avenue, which runs into Hamlet on the left, the defendants' truck, which was parked or standing still on the right hand side of Hamlet Avenue near the intersection with Park Avenue, suddenly was turned out to its left by the driver without any warning being given; that the truck struck the plaintiff's car between the hood and the door on the right hand side. The plaintiff further testified that his foot, which just at the moment of the collision was on the brake, was thrown off and onto the accelerator and jammed under the rest, and that before he could extricate his foot, the car was carried forward and ran into a post.

The defendants produced the testimony of the driver of the truck and his helper, and from their testimony it appeared that the truck, which was on its way to Providence with a load of merchandise for the Dunn Worsted Mills, was slowed down to a rate of about 9 miles an hour just before it came to the intersection of Hamlet Avenue and Park Avenue, and just as the driver was beginning to make a left turn into Park Avenue, the plaintiff, who was attempting to go by on the left hand side of the truck, collided with the front of the truck on its left hand side. The truck driver said that he gave no signal that he was about to turn into Park Avenue. He further testified that at the place occupied by the truck at the time he began to turn, there was not sufficient room between the left hand side of the truck and the curbstone for another car to pass.

On this state of the evidence the questions of the contributory negligence of the plaintiff and the liability of the defendants were fair questions for the jury and the verdict is not against the weight of the evidence or the law in either respect.

The point most strongly urged by the defendants is that of newly discovered evidence. In support of defendants'

motion for a new trial they have filed the affidavit of one James Fitzgerald, who affirmed that he was at the scene of the accident on the day of its occurrence; that he took a photograph of the plaintiff's car, and this photograph and an enlargement thereof were filed with the affidavit, and on these photographs the defendants rely as affording newly discovered evidence of such a character that they are entitled to a new trial.

Fitzgerald did not in his affidavit attempt to state what he saw other than what is shown by the photographs. He states he "did not see the collision of this automobile with any other automobile and all I can recall of what I saw is contained in the photographs I took at the above time."

The Court is of the opinion that the affidavit of Fitzgerald and the affidavit of Mr. Israel, counsel for the defendants, which accompanied the motion, show newly discovered evidence and that the rule of reasonable diligence has been satisfied.

It is claimed by the defendants that the photographs show the plaintiff's testimony is not true and that the accident must have taken place as the witnesses for the defendants testify.

To warrant the Court in granting a new trial, the newly discovered evidence must be of such character and weight that it would be likely to change the verdict of the jury.

> *McDonald* vs. *Lawton Spinning Co.,* 67 Atl. 451, and *Coglio* vs. *T. W. Waterman Co.,* 39 R. I. 396 at 401.

The photographs are somewhat indistinct. It is true that no injury to the upper portion of the car between the hood and the door is revealed, but it is not possible to say, from looking at the photographs, what the condition of the entire right hand side of the car was; especially that part between the hood and the door. A large portion of the right hand side of the car is either so indistinct that it is im-

possible to tell what its condition was or else it is concealed from view. The photographs at best are equivocal in their evidential value. In view of the testimony in the case, in the opinion of the Court the newly discovered evidence is not "likely to change the verdict."

The motion for a new trial is denied.

For plaintiff: John R. Higgins, Morris Yaraus.

For defendant: Fred Israel.